```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**JASON A. BATES**                                                **PLAINTIFF**

**v.**                   **Case No.: 09-5239**

**SHERIFF KEITH FERGUSON ET AL.**                              **DEFENDANTS**

### REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

Now before the Court is Plaintiff's Complaint. (Doc. 1). Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (*Id.*) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Chief Judge Jimm Larry Hendren. For the following reasons, it is the recommendation of the undersigned that the Complaint (Doc. 1), be **DISMISSED** with prejudice for failure to prosecute this action and for failure to obey an Order of the Court.

**I.   BACKGROUND**

Defendants filed a Motion for Summary Judgment on September 24, 2010. (Doc. 19). On September 27, 2010, this Court issued an Order directing Plaintiff to complete and return a Notice to the Court regarding whether the Plaintiff would require assistance from the Court in responding to the Motion for Summary Judgment. (Doc. 22). Plaintiff was advised in this Order that failure to return the Notice by October 25, 2010 would cause this case to be "subject to summary dismissal for failure to obey the order of this Court

and failure to prosecute this action." (*Id.*)

## II. APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III. DISCUSSION

Plaintiff was given until October 25, 2010 to return his Notice to the Court. (Doc. 22). Plaintiff did not seek additional time beyond the October 25, 2010 deadline. Moreover, the Court previously changed Plaintiff's address upon Plaintiff's notification. (Docs. 5 and 6). Clearly Plaintiff is aware of his

need to keep a current address with the Court.  Moreover, no relevant mail, including the Notice, has been returned to the Court, and it appears Plaintiff received this document.

Plaintiff was specifically cautioned in the Order directing him to complete the Notice that failure to return a completed Notice would result in a summary dismissal of his case for failure to prosecute and for failure to obey an order of the court.  (Doc. 22). Accordingly, this case should be dismissed for failure to prosecute and for failure to follow a Court Order.

**IV. CONCLUSION**

For the forgoing reasons I recommend the above-styled case be **DISMISSED** for failure to prosecute and failure to follow a court order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of December 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
U.S. MAGISTRATE JUDGE